UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00407-GNS

JAMES ADU                                                                    PETITIONER

v.

SAMUEL OLSON, ICE Field Office Director;
MIKE LEWIS, Hopkins County Jailer;
MARKWAYNE MULLIN, DHS Secretary;
LAUREN BIZ, DHS Assistant Secretary; and
TODD BLANCHE, Acting United States Attorney General                          RESPONDENTS

## **ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

In August 2024, Petitioner James Adu ("Adu"), a native and citizen of Ghana, was admitted into the United States on an F1 student visa for the duration of his program. (Resp'ts' Resp. Show Cause Order Ex. 2, at 4, DN 8-2). While his academic program was terminated in September 2024 due to Adu's failure to enroll, he did not leave the country. (Resp'ts' Resp. Show Cause Order Ex. 2, at 4).

On April 9, 2026, a Warrant for Arrest of Alien was issued for Adu. (Resp'ts' Resp. Show Cause Order Ex. 3, at 2, DN 8-3). On April 16, 2026, Immigration and Customs Enforcement ("ICE") officers arrested him in Joliet, Illinois. (Resp't's Resp. Show Cause Order Ex. 2, at 3). He is currently detained at the Hopkins County Jail. (Pet. 1, DN 1).

On April 30, 2026, an immigration judge denied Adu's request for a custody redetermination due to his lack of family or community ties, his recent arrival in the United States without any claim to lawful status, his lack of eligibility for relief, and the short term of

1

his residence in the country. (Resp'ts' Resp. Show Cause Order Ex. 4, at 4-5, DN 8-4). The record also reflects Adu's initial attempt to file an appeal of that determination was unsuccessful, but the Board of Immigration Appeals provided him with instructions on how to re-file. (Resp'ts' Resp. Show Cause Order Ex. 5, at 2-3, DN 8-5).

On June 10, 2026, Adu filed the Petition for Writ of Habeas Corpus against Respondents: Samuel Olson, ICE Field Officer Director; Mike Lewis, Hopkins County Jailer; Markwayne Mullin, Secretary of the Department of Homeland Security; Lauren Biz, Assistant Secretary of the Department of Homeland Security; and Todd Blanche, Acting Attorney General of the United States. (Pet. 1). He alleges: (i) his continued detention without sufficient individualized justification violates the Fifth Amendment; (ii) his detention is based on unproven criminal suspicions; (iii) the flight-risk determination was based on speculation rather than individualized evidence; (iv) the failure to establish dangerousness or flight risk through individualized evidence. (Pet. 6-7).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Adu bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

Respondents oppose the Petition based on 8 U.S.C. § 1226(e). In relevant part, that statute provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). Therefore, based on the clear language of the statute, "district courts do not have jurisdiction to review discretionary decisions made by an [immigration judge] regarding bond." *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)).

The Supreme Court, however, has clarified that "this limitation applies only to 'discretionary' decisions about the 'application' of [Section] 1226 to particular cases. It does not block lawsuits over 'the extent of the Government's detention authority under the "statutory framework" as a whole.'" *Nielsen*, 586 U.S. at 401 (quoting *Jennings v. Rodriguez*, 583 U.S. 295-96 (2018)). When a petitioner challenges a particular discretionary "action" taken by an immigration judge rather than the statutory framework as a whole, Section 1226(e) precludes judicial review of that discretionary decision. *See Jennings*, 583 U.S. at 296.

While the Petition alleges that Adu was denied due process of law, he was afforded due process in the form of the hearing before an immigration judge, and the Petition fundamentally reflects his disagreement with the immigration judge's discretionary decision to deny bond. (Pet. 6-7). The immigration judge considered the evidence presented and denied Adu's request for bond. (Resp'ts' Resp. Show Cause Order Ex. 4, at 4-5). Ultimately, Adu contends the immigration judge came to the wrong conclusion based on the evidence presented at the custody redetermination proceedings, but this Court lacks jurisdiction to review that discretionary decision under Section 1226(c). *See Nielsen*, 586 U.S. at 401; *Jennings*, 583 U.S. at 295; *Demore v. Kim*, 538 U.S. 510, 516 (2003).

Accordingly, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (DN 1) is **DISMISSED WITHOUT PREJUDICE**.  The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
July 13, 2026

cc:    counsel of record
       Petitioner, *pro se*

4